IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CASE NO:

AJC LOGISTICS, LLC, a foreign limited liability company,

    Plaintiff,

v.

PREFERRED FREEZER SERVICES OF JACKSONVILLE, LLC, a foreign limited liability company,

    Defendant.
_____/

## COMPLAINT

Plaintiff, AJC LOGISTICS, LLC, by and through undersigned counsel, sues the Defendant, PREFERRED FREEZER SERVICES OF JACKSONVILLE, LLC, and in support thereof alleges as follows:

### THE PARTIES AND JURISDICTIONAL ALLEGATIONS

1. This is an action for damages in excess of $75,000 exclusive of interest and costs.

2. Plaintiff, AJC LOGISTICS, LLC ("AJC"), is a foreign limited liability company authorized to do business in Florida with a principal address of 11084 Cabot Commerce Circle, Building 4, Suite 100, Jacksonville, FL 32226. AJC is a logistics management corporation for transportation and freight. AJC acted in its capacity as a freight forwarder in this matter for its customer, Ballester Hermanos Inc., and is liable to its customer accordingly.

3. Defendant, PREFERRED FREEZER SERVICES OF JACKSONVILLE, LLC ("PREFERRED FREEZER"), is a foreign limited liability company licensed to do business in

Florida with warehouse operations at 1780 West Beaver St., Jacksonville, FL 32209. PREFERRED FREEZER offers itself as a modern, state-of-the-art, full service temperature-controlled warehouse facility. PREFERRED FREEZER is engaged is providing services including but not limited to cross docking, transloading, repacking, labeling, shrink-wrapping, shipping product samples and taking weights (electronically).

4. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1332, and 1333.

5. Venue for this civil action is proper in the Middle District of Florida pursuant to 28 U.S.C. § 1391(b)(3) and because the cause of action accrued in Jacksonville, Duval County, Florida.

FACTUAL ALLEGATIONS

6. At and during all times mentioned in this Complaint, PREFERRED FREEZER offered itself as a modern, state-of-the-art, full service temperature-controlled warehouse facility and provided services including but not limited to cross docking, transloading, repacking, labeling, shrink-wrapping, shipping product samples and taking weights (electronically).

7. Pursuant to a Bill of Lading (Order No. 4247445), AJC contracted with PREFERRED FREEZER to load cargo comprised of a mixture of dry goods/grocery store merchandise (edible and non-edible) (hereinafter, "Cargo") from various suppliers which were shipped to PREFERRED FREEZER's Jacksonville facility and placed into a container for shipment to AJC's customer, Ballester Hermanos Inc., located in San Juan, Puerto Rico. *See*, Exhibit 1, attached hereto.

8. The Bill of Lading listed the shipper as AJC and the consignee as Ballester Hermanos Inc.

9. On or about May 16, 2018, Defendant, PREFERRED FREEZER, loaded Cargo comprised of a mixture of dry goods/grocery store merchandise (edible and non-edible) valued at $62,675.63 into a container for transport to consignee Ballester Hermanos Inc.

10. PREFERRED FREEZER was responsible for the entire loading of the cargo into the container.

11. The container was then transported to San Juan, Puerto Rico by Tote Maritime.

12. On or about May 23, 2018, the container was received by consignee Ballester Hermanos Inc.

13. Upon opening the container, a dead rodent was discovered on top of one pallet with blood stains on top of several boxes within the container.

14. Ballester Hermanos Inc. rejected the cargo in its entirety.

15. On or about May 23, 2018, PREFERRED FREEZER was notified of the rejection of the Cargo.

16. On or about June 19, 2018, PREFERRED FREEZER denied responsibility of the claim.

17. On or about July 26, 2018, the cargo was decommissioned by a third party, Triant. There was no salvage value for the Cargo.

18. On or about December 14, 2018, Ballester Hermanos Inc. submitted a notice of claim to AJC in the amount of $79,962.73.

19. The Ballester Hermanos Inc. claim was comprised of the following amounts:

```
Cargo Value:          $62,675.63
Ocean Freight:        $4,239.00
Replacement Freight:  $3,970.86
Destruction:          $4,650.49
Container Detention:  $3,475.00
Chassis Detention:    $861.75
```

      Local Movement:    $90.00

20. On or about January 18, 2019, AJC submitted a notice of claim to PREFERRED FREEZER in the amount of $81,219.73.

21. The AJC claim amount of $81,219.73 was comprised of the following amounts:

    Cargo Value:    $62,675.63
    Ocean Freight:    $4,239.00
    Replacement Freight:  $3,970.86
    Destruction:    $4,650.49
    Container Detention:  $3,475.00
    Chassis Detention:    $861.75
    Local Movement:    $90.00
    Survey Costs:    $1,257.00

22. On or about January 29, 2019, PREFERRED FREEZER denied AJC's claim.

23. All conditions precedent to bringing this action have occurred or have been waived.

## COUNT I – BREACH OF CONTRACT

24. AJC realleges paragraphs 1 through 23 as if set forth separately.

25. The Cargo was in good condition when entrusted to PREFERRED FREEZER for packaging into the container for transport and the Cargo was delivered in bad order due to rodent infestation that occurred at its facilities in Jacksonville, Florida.

26. PREFERRED FREEZER failed to exercise reasonable care and due diligence to prevent the loss of the Cargo by not ensuring that the Cargo was properly packed into the container without rodent infestation and otherwise providing that its facilities did not have rodent infestation.

27. The loss of the Cargo was proximately caused by the fault and/or neglect of PREFERRED FREEZER and/or its agents and/or employees acting in the course and scope of PREFERRED FREEZER's agency and/or employment.

28. PREFERRED FREEZER's actions at all times material to this action substantially and foreseeably subjected the Cargo to loss.

29. As a direct and proximate result of PREFERRED FREEZER's conduct, Ballester Hermanos Inc. has claimed damages against Plaintiff AJC and accordingly AJC has been damaged.

WHEREFORE, Plaintiff, AJC LOGISTICS, LLC, demands judgment against Defendant, PREFERRED FREEZER SERVICES OF JACKSONVILLE, LLC, for damages in the sum of $81,219.73, together with interest; costs of this action; and any other relief that may be just.

## COUNT II – BREACH OF FLORIDA STATUTE §677.204

30. AJC realleges paragraphs 1 through 23 as if set forth separately.

31. PREFERRED FREEZER operates as a "warehouse" as defined under Florida Statutes §677.102.

32. PREFERRED FREEZER owed a duty to AJC to exercise care with regard to the Cargo that a reasonably careful person would exercise under similar circumstances.

33. PREFERRED FREEZER breached its duty to AJC.

34. As a direct and proximate result of PREFERRED FREEZER's conduct, Ballester Hermanos Inc. has claimed damages against Plaintiff AJC and accordingly AJC has been damaged.

WHEREFORE, Plaintiff, AJC LOGISTICS, LLC, demands judgment against Defendant, PREFERRED FREEZER SERVICES OF JACKSONVILLE, LLC, for damages in the sum of $81,219.73, together with interest; costs of this action; and any other relief that may be just.

## COUNT III – BREACH OF BAILMENT

35. AJC realleges paragraphs 1 through 23 as if set forth separately.

36. AJC caused the Cargo to be delivered, on behalf of its customer, Ballester Hermanos Inc., to the exclusive care, custody, and control of PREFERRED FREEZER in good order and condition.

37. While the cargo was in the exclusive care, custody, and control of PREFERRED FREEZER, it was damaged and delivered to AJC's customer, Ballester Hermanos Inc., in bad order and condition.

38. As a direct and proximate result of PREFERRED FREEZER's conduct, Ballester Hermanos Inc. has claimed damages against Plaintiff AJC and accordingly AJC has been damaged.

WHEREFORE, Plaintiff, AJC LOGISTICS, LLC, demands judgment against Defendant, PREFERRED FREEZER SERVICES OF JACKSONVILLE, LLC, for damages in the sum of $81,219.73, together with interest; costs of this action; and any other relief that may be just.

### DEMAND FOR JURY TRIAL

The Plaintiff, AJC, demands a jury trial on all issues so triable of each and every one of the Counts set forth above.

Dated February 22, 2019.

Respectfully submitted,

RUMRELL, MCLEOD & BROCK, PLLC
LINDSEY BROCK, P.A.

**LINDSEY C. BROCK III, ESQ.**
Fla. Bar #971669
Primary E-Mail: lindsey@rumrelllaw.com
Secondary E-Mail: jennifer@rumrelllaw.com
**LINDSAY C. TROPNAS, ESQ.**
Fla. Bar #1003699
Primary E-Mail: ltropnas@rumrelllaw.com
Secondary E-Mail: jennifer@rumrelllaw.com
9995 Gate Parkway North, Ste. 400
Jacksonville, Florida 32246
(904) 996-1100 Office Telephone
(904) 996-1120 Fax
**Attorney for Plaintiff**