IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CASE NO: 3:19-cv-231-J-34JRK

AJC LOGISTICS, LLC, a foreign limited
liability company,

    Plaintiff,

v.

PREFERRED FREEZER SERVICES OF
JACKSONVILLE, LLC, a foreign limited
liability company,

    Defendant.
_____/

## **PLAINTIFF'S RESPONSE TO COURT ORDER (DE-4)**

Plaintiff, AJC Logistics, LLC, through undersigned counsel, responds to the Court's Order dated February 26, 2019 (DE-4) as follows:

**A. Introduction**

Plaintiff, AJC Logistics, LLC, appreciates the opportunity to provide the Court with sufficient information to establish the Court's subject matter jurisdiction in this case. As noted below, Plaintiff can fully establish the citizenship of itself as a citizen of Georgia for the purposes of diversity jurisdiction. Upon information and belief, the citizenship of the Defendant, Preferred Freezer Services of Jacksonville, LLC, is New Jersey. Accordingly, jurisdiction exists under 28 U.S.C. §1332. As to the remaining grounds for subject matter jurisdiction under admiralty, 28 U.S.C. 1333, and federal question, 28 U.S.C. §1331, Plaintiff has set forth grounds in support of subject matter jurisdiction, and to the extent lacking, has requested leave to amend its complaint to sufficiently allege proper jurisdictional grounds.

**B. Diversity Jurisdiction**

As to the Court's question regarding the citizenship of AJC Logistics, LLC, the company is a single member LLC. The single member of Plaintiff is AJC USA, LLC, a Georgia limited liability company. The members of AJC USA, LLC are Gerald Allison, a Georgia resident; Eric Joiner, a Georgia resident; Evan Davidman, a Georgia resident; Allison Holdings Trust, whose trustee is Bradley Allison, a Georgia resident; and Allison Holdings Limited Partnership, whose general partners are Bradley Allison, a Georgia resident, and Allison Enterprise Family Trust, whose trustee is Bradley Allison, a Georgia resident. Accordingly, the Plaintiff is a citizen of Georgia. *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 100 S. Ct. 1779 (1980)(Citizenship of trust determined by citizenship of trustees, not beneficiaries); *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020 (11th Cir. 2004)(Citizenship of LLC determined by citizenship of members of the company).

At this time, Plaintiff is unable to provide confirmed information to the Court as to the citizenship of the members of the Defendant, Preferred Freezer Services of Jacksonville, LLC. After researching and making diligent inquiry, Plaintiff has no means to determine the citizenship of any of Defendant's members as such information is not public record and is not required to be disclosed as part of the formation or registry of the entity in Delaware, nor in Florida, nor in New Jersey, which is the location of Defendant's principal place of business. Such information could only be uncovered through jurisdictional discovery if the Court so required. Upon information and belief, the member(s) of Preferred Freezer Services of Jacksonville, LLC are residents of New Jersey based upon research into the company and its founding, and its managerial company, Preferred Freezer Services Operating, LLC, all being

New Jersey companies. Accordingly, upon information and belief the Court has diversity subject matter jurisdiction pursuant to 28 U.S.C. §1332.

   C. **Admiralty Jurisdiction**

As alleged in the complaint, Plaintiff faces contingent liability to its customer Ballester Hermanos Inc., located in San Juan, Puerto Rico, for the damaged goods ultimately received then rejected by the consignee, Ballester Hermanos Inc., in Puerto Rico. The subject shipment of goods is governed by the Carriage of Goods by Sea Act, 46 U.S.C §30701(note), pursuant to the ocean bill of lading issued by the carrier, Tote Maritime, and its terms and conditions. See Exhibit 1 (Clause 1 of the carrier's terms and conditions specifically invokes COGSA). The Defendant is alleged to have prepared the subject goods and container for shipment pursuant to the ocean bill of lading, which is a maritime contract.

The Plaintiff operated as a freight forwarder of the subject goods. Defendant acted as the agent of Plaintiff with respect to the shipment under the ocean bill of lading. Even to the extent that Defendant's alleged actions may have occurred on land with respect to the handling, packing, and preparation of the subject container for the ocean shipment, admiralty jurisdiction extends to the non-maritime portions of a maritime contract. *Norfolk S. Ry. v. James N. Kirby, Pty Ltd.*, 543 U.S. 14, 125 S. Ct. 385 (2004). It is expected that the Defendant will allege that the subject loss related to the cargo occurred either during the ocean carriage or at the time of delivery of the cargo in Puerto Rico pursuant to the ocean bill of lading. If the Court were to determine that diversity jurisdiction does not exist, and that Plaintiff's contingent liability under the maritime contract were insufficiently alleged for finding admiralty jurisdiction, then the Plaintiff would request the Court for leave to amend to bring in the other parties to the maritime contract to fully develop the matter for the Court's jurisdiction.

### D. Federal Question Jurisdiction

For the same reasons stated as to Plaintiff's contingent liability under various federal statutes, including COGSA, as well as potentially the Harter Act 46 U.S.C.§§30701 et seq. and the Carmack Amendment, 49 U.S.C. §14706, the Court has federal question jurisdiction in this matter as the Plaintiff's contingent liability based upon the negligence and breaches of duty alleged against the Defendant are based upon a shipment of goods that would fall within all or some of these statutes in that it is a movement of goods within the territory of the United States and there could be a question as to whether COGSA would extend to the period before the subject container was "on the hook". *Morris v. Am. Shipping Co.*, 748 F.2d 563, 566 (11th Cir. 1984)(COGSA application to its terms); *Kirby, supra*; *Uncle Ben's Int'l Div. of Uncle Ben's, Inc. v. Hapag-Lloyd Aktiengesellschaft*, 855 F.2d 215, 217 (5th Cir. 1988) (Federal jurisdiction under Harter Act) ; *Fourth Dimension Sec. v. FedEx Freight, Inc.*, No. 2:12-cv-154-FtM-29DNF, 2012 U.S. Dist. LEXIS 150740 (M.D. Fla. Oct. 19, 2012)(Removal to federal court on federal question based upon Carmack Amendment). If the Court were to determine that diversity jurisdiction does not exist, and that Plaintiff's contingent liability under the maritime contract were insufficiently alleged for finding federal question jurisdiction, then the Plaintiff would request the Court for leave to amend to bring in the other parties to the maritime contract to fully develop the matter for the Court's jurisdiction.

### E. Supplemental Jurisdiction

Although not specifically alleged, the Court also has supplemental jurisdiction pursuant to 28 U.S.C. §1367 for the state law claims alleged, specifically as to Counts II and III.

F. Conclusion

For the foregoing reasons, the Plaintiff, AJC Logistics, LLC, respectfully requests the Court to determine that it has subject matter jurisdiction over this action, or permit Plaintiff such adequate time and remedy to obtain the requisite information and to allege sufficient grounds for the Court's subject matter jurisdiction.

Dated March 11, 2019.

Respectfully submitted,

RUMRELL, MCLEOD & BROCK, PLLC
LINDSEY BROCK, P.A.

_____
**LINDSEY C. BROCK III, ESQ.**
Fla. Bar #971669
Primary E-Mail: lindsey@rumrelllaw.com
Secondary E-Mail: jennifer@rumrelllaw.com
**LINDSAY C. TROPNAS, ESQ.**
Fla. Bar #1003699
Primary E-Mail: ltropnas@rumrelllaw.com
Secondary E-Mail: jennifer@rumrelllaw.com
9995 Gate Parkway North, Ste. 400
Jacksonville, Florida 32246
(904) 996-1100 Office Telephone
(904) 996-1120 Fax
**Attorneys for Plaintiff**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 11, 2019, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

Lindsey C. Brock III, Esq.
Lindsay C. Tropnas. Esq.
Rumrell, McLeod & Brock, PLLC
Primary E-Mail: lindsey@rumrelllaw.com
Primary E-Mail: ltropnas@rumrelllaw.com
Secondary E-Mail: jennifer@rumrelllaw.com
9995 Gate Parkway North, Ste. 400

Jacksonville, Florida 32246
(904) 996-1100 Office Telephone
(904) 996-1120 Fax
**Attorneys for Plaintiff**

        RUMRELL, MCLEOD & BROCK, PLLC
        LINDSEY BROCK, P.A.

        _____
        **LINDSEY C. BROCK III, ESQ.**
        Fla. Bar #971669
        Primary E-Mail: lindsey@rumrelllaw.com
        Secondary E-Mail: jennifer@rumrelllaw.com
        **LINDSAY C. TROPNAS, ESQ.**
        Fla. Bar #1003699
        Primary E-Mail: ltropnas@rumrelllaw.com
        Secondary E-Mail: jennifer@rumrelllaw.com
        9995 Gate Parkway North, Ste. 400
        Jacksonville, Florida 32246
        (904) 996-1100 Office Telephone
        (904) 996-1120 Fax
        **Attorneys for Plaintiff**